IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA          :
                                  :     CRIM. NO.  03-0091-1
        v.                        :
                                  :     CIVIL NO.  07-4548
VLADIMIR ROUDAKOV                 :


**SURRICK, J.**                                        **APRIL  13  , 2012**

## MEMORANDUM

Presently before the Court is Petitioner Vladimir Roudakov's pro se[1] Motion Under 28

U.S.C. § 2255 (Oct. Mot., ECF No. 82; Dec. Mot., ECF No. 84).   For the following reasons,

Petitioner's Motion will be denied.

## I.      BACKGROUND

In 2005, Petitioner was found guilty by a jury on two counts of filing false federal income

tax returns in violation of 26 U.S.C. § 7206(1).  He was sentenced to 24 months in prison,

followed by one year of supervised release, and a $5,000 fine.  (Judgment, ECF No. 44.)  In July

of 2007, the Third Circuit affirmed the judgment of sentence.  *United States v. Roudakov*, 239 F.

App'x 776 (3d Cir. 2007).

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate,

---

[1] We subject pro se pleadings to a liberal review. *Estelle v. Gamble*, 429 U.S. 97, 106
(1976).  A pro se complaint, "however inartfully pleaded," is to be held to "less stringent
standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520
(1972). *See also Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under this provision is generally available "to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989).

While the court may in its discretion hold an evidentiary hearing on a Section 2255 petition, *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989), such a hearing need not be held if the "motion and the files and records conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994).

## III. DISCUSSION

Petitioner raises three grounds for relief. First, he claims that he was denied the due process of law during his direct appeal, because parts of the trial record were missing. (Oct. Mot. 5.) Next, he claims trial and appellate counsel were ineffective. (*Id*. at 6.) Finally, he argues that the Government failed to prove the elements of the crimes for which he was convicted. (*Id*. at 10.)

### A. Due Process of Law

Petitioner argues that he was denied due process of law because "90% of the defense in this case was unavailable to be examined by the Appeals Court in accurate transcript form." (*Id.* at 5.) We note that the Government has not responded to this claim.[2]

---

[2] The Government's response to Petitioner's Motion does not address two of Petitioner's claims. Moreover, the Government does not proffer a specific response to any of Petitioner's ineffective assistance claims. The Government's sole response is that "the defendant was

Petitioner's direct appeal to the Third Circuit was based on an allegation that this Court had erroneously calculated the proper tax loss for his crimes, and therefore incorrectly calculated his Sentencing Guidelines range. The Third Circuit affirmed our calculation. *Roudakov*, 239 F. App'x at 778. This was the only issue discussed in the Third Circuit's opinion. It is not clear how additional trial transcripts would have impacted the Third Circuit's handling of this issue. Petitioner's direct appeal was based on a sentencing calculation question, which the Third Circuit determined that this Court had answered correctly. The Third Circuit had no difficulty dealing with the issue knowing of the unavailability of some of the trial transcripts. Since Petitioner has not demonstrated how additional transcripts would have led to a different result, his first claim must be denied.

**B.      Ineffective Assistance of Counsel**

*1.      Legal Standard*

To establish ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that: 1) his or her attorney's performance was deficient, and 2) the deficient performance prejudiced his or her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient representation, a defendant must show that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." *Buehl v. Vaughn*, 166 F.3d 163, 169 (3d Cir. 1999) (citing *Strickland*, 466 U.S. at 688). To establish prejudice, a defendant must show that "counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "It is not enough for the

---

represent (sic) by three experienced Assistant Federal Defenders one of whom is now a United States Magistrate." (Gov't. Resp. 8, ECF No. 87.)

defendant to show that the errors had some conceivable effect on the outcome of the proceeding."

*Id*. at 694. Rather, "the defendant must show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at

695. Under *Strickland*, counsel is presumed to have acted within the range of "reasonable

professional assistance," and the defendant bears the burden of "overcoming the presumption that,

under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at

689 (citation omitted). While a defendant has the right to effective assistance of counsel, courts

have explained that the Constitution does not guarantee the right to a perfect trial. *See Marshall v.*

*Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002) ("[T]he court is not engaging in a prophylactic exercise

to guarantee each defendant a perfect trial with optimally proficient counsel, but rather to

guarantee each defendant a fair trial, with constitutionally competent counsel.").

"To avoid the shoals of ineffective assistance, an attorney's judgment need not necessarily

be right, so long as it is reasonable." *Gov't of the Virgin Islands v. Weatherwax*, 77 F.3d 1425,

1435 (3d Cir. 1996) (quoting *United States v. McGill*, 11 F.3d 223, 227 (1st Cir. 1993)). "Judicial

scrutiny of counsel's performance must be highly deferential" as "there are countless ways to

provide effective assistance in any given case." *Strickland*, 466 U.S. at 689.

> 2. *Ineffective Assistance of Trial Counsel*

Petitioner claims that trial counsel was ineffective in eight distinct ways: 1) never

requesting discovery; 2) failing to locate or question an alibi witness; 3) failing to challenge the

indictment as flawed; 4) not arguing for a lesser sentence based on tax loss calculations;

5) not communicating with Petitioner after trial, thereby forcing him to file a pro se appeal;

6) failing to contact a material witness; 7) failing to challenge the Pre-Sentence Investigation

Report ("PSR"); and 8) not obtaining a translator for court proceedings. (Oct. Mot. 6-7.)

Petitioner's first claim lacks specificity. Petitioner does not allege that, prior to or during trial, the Government withheld evidence or otherwise impeded Petitioner's access to discovery. Petitioner simply asserts that counsel did not request discovery. He does not claim that the Government failed to turn over material evidence. Since Petitioner does not point to any actual prejudice that he suffered as a result of trial counsel's alleged failure to request discovery, his claim of ineffective assistance must be denied.

Petitioner's second claim relates to an "alibi witness." We are confused as to what an alibi witness might say in this case, given that Petitioner's physical presence at a certain location is not a significant issue. Petitioner was charged with filing false tax returns. Petitioner does not offer any details related to this alibi witness or what the witness' testimony might be. In addition, we note that had Petitioner's counsel subpoenaed "the person actually guilty of the crime," as Petitioner suggests he should have, such a person might well invoke his or her constitutional right against self-incrimination. We cannot sustain a claim based on a phantom alibi witness, since we have no basis on which to conclude that the witness' absence in any way prejudiced Petitioner. Petitioner's bald assertion that the witness was "the person actually guilty of the crime" is not enough. This is especially true where the issue before the jury was whether Petitioner properly reported the income from his business on his federal tax returns. Accordingly, Petitioner's second claim must be denied.

Petitioner's third claim states that had counsel raised a claim about incongruities between an unnamed data record from K&A Discount Check Cashing Inc. and the indictment, the Court "would have had no option but to quash the indictment." (Oct. Mot. 6.) Petitioner offers no

further specifics in this regard.  We are at a loss to understand how Petitioner suffered prejudice as a result of trial counsel's decision not to seek dismissal of the indictment on this basis.  There is no indication in the record that the indictment was faulty in any way.  Petitioner was convicted on both counts in the indictment.  His conviction was affirmed by the Third Circuit.  Had counsel challenged the indictment, there is no reason to believe he would have been successful and Petitioner does not suggest any such reason.  "There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).  Accordingly, Petitioner's third claim must be denied.

Petitioner's fourth claim states that counsel did not argue at sentencing that "the monetary amount was incorrect." (Oct. Mot. 6.)  We presume that Petitioner is referring to the tax loss calculations later raised on appeal to the Third Circuit.  Petitioner's claim is entirely baseless.  Counsel devoted the bulk of his Sentencing Memorandum to an argument for a more favorable calculation of the amounts Petitioner had failed to pay.  (Def.'s Sentencing Mem., ECF No. 36.)  Clearly Counsel's performance at sentencing was not deficient.  Counsel's performance conformed to professional standards and was objectively reasonable.  Petitioner's claim lacks merit.

Petitioner's fifth claim offers no basis for relief.  Petitioner claims that counsel failed to file a notice of appeal, forcing him to do so himself.  Defendant was sentenced on September 27, 2005.  Petitioner's counsel did file a timely Notice of Appeal on October 3, 2005.  (ECF No. 48.)  The fact that Petitioner filed a pro se appeal on September 29, 2005, evidently without telling Counsel, does not make Counsel ineffective.

Petitioner's sixth claim is similar to his second; namely, that counsel failed to contact a

material witness. Petitioner provides no details as to the identity of this witness, beyond

indicating that the witness bought computers from him. Furthermore, Petitioner does not advise

as to what this witness might testify to beyond "easily and credibly counter[ing] the prosecution's

version of events." (Oct. Mot. 7.) Petitioner claims this was "extremely prejudicial" to him. (*Id*.)

Relief under the Sixth Amendment cannot be based on conclusory statements alone. Petitioner

provides no insight into who this witness might be or how he might have undermined the

Government's case-in-chief. Petitioner has not adequately alleged prejudice under the *Strickland*

standard, nor did he demonstrate how his counsel ignored a material witness in a way that

deprived Petitioner of the effective assistance of counsel.

Petitioner's seventh claim states that counsel "failed to assist Petitioner in obtaining

corrections to the erroneous portions" of the Pre-Sentence Investigation Report ("PSR"). (Oct.

Mot. 7.) Again, this claim lacks specificity. We cannot determine which parts of the PSR

Petitioner felt were incorrect, and how counsel's alleged "lack of interest" prejudiced Petitioner's

ability to receive a fair trial and sentencing. We do, however, note that counsel, in his Sentencing

Memorandum, articulated several clear objections to the PSR. (Def.'s Sentencing Mem. 3-5.)

Since Petitioner has pointed to evidence of either deficient performance or prejudice, we must

deny Petitioner's seventh claim.

Finally, Petitioner claims that counsel was ineffective for failing to obtain a translator for

court proceedings. This claim is frivolous. Petitioner provides nothing to support his claim that

the lack of a translator prejudiced his ability to receive a fair trial.

### 3. *Ineffective Assistance of Appellate Counsel*

Petitioner claims that his appellate counsel was ineffective for failing to ensure that

Petitioner was involved in re-creating the trial record after trial transcripts were lost. (Oct. Mot. 8.) This, Petitioner claims, violated Federal Rule of Appellate Procedure 10, which permits either party to attempt to recreate the trial record. Petitioner concedes that appellate counsel performed "exceptional work, for which petitioner was, and remains, grateful." (Oct. Mot. 7.)

Petitioner's claim that appellate counsel was ineffective lacks merit. As discussed above, *supra* III.A, the issue on appeal was the calculation of tax losses. The Third Circuit had no trouble deciding the issue based on the existing evidentiary record. Clearly, if the record was insufficient to decide this issue, the Third Circuit would have so indicated. Since Petitioner cannot demonstrate that counsel's alleged ineffectiveness caused prejudice to him, this claim must be denied.

### C. Elements of the Indictment

Petitioner claims that the Government failed to prove two elements of the indictment: 1) "the amount of money involved"; and 2) that "the petitioner cashed a single check and received any funds." (Oct. Mot. 10.) Again, Petitioner's claim lacks all merit.

The elements of the crime of filing a false income tax return which the government must prove beyond a reasonable doubt are as follows:

> (1) defendant made and subscribed a return which was false as to a material matter; (2) the return contained a written declaration that it was made under the penalties of perjury; (3) defendant did not believe the return was true and correct as to every material matter; and (4) defendant falsely subscribed to the return willfully, with the specific intent to violate the law."

*See* 26 U.S.C. § 7206(1); *United States v. Gollapudi*, 130 F.3d 66, 71-72 (3d Cir. 1997). The Government proved these elements. The Government also proved the amount of money involved, that Petitioner cashed checks from his computer business, Payless Concepts Source, at a check-

8

cashing agency, and that this money was not properly reported on for his tax returns.  Again,

Petitioner's claim is frivolous.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's Motion is denied.  We find that there is no basis

whatsoever to hold an evidentiary hearing and no basis on which to issue a certificate of

appealability.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**
